**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 03-4924**

————————————

UNITED STATES OF AMERICA,

                                      Plaintiff - Appellee,

       versus

TIMOTHY LEON NOGGIN,

                                      Defendant - Appellant.

————————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (CR-03-237)

————————————

Submitted:  August 26, 2005          Decided:  November 14, 2005

————————————

Before MICHAEL, KING, and SHEDD, Circuit Judges.

————————————

Affirmed by unpublished per curiam opinion.

————————————

J. Paul Gregorio, PAONE & GREGORIO, PLLC, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Michael C. Wallace, Sr., Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Leon Noggin was convicted on three counts of distributing cocaine base or "crack." Counts 2 and 3 were for distributing five grams or more of the drug. The Government filed notice under 21 U.S.C. § 851(a)(1) (2000) that it intended to seek an enhanced sentence because of Noggin's prior drug convictions. Noggin was sentenced as a career offender, under U.S. Sentencing Guidelines Manual § 4B1.1(b)(A) (2003), to 360 months of imprisonment. Without the career offender designation, Noggin's total offense level would have been twenty-eight which, with his criminal history category of IV, would have given him a guideline range of 110 to 137 months of imprisonment. Noggin timely appealed.

On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but nevertheless asserting that (1) the district court erred by allowing hearsay testimony; (2) there was insufficient evidence to support Noggin's convictions; (3) the testimony of the confidential informer was unreliable; and (4) the district court committed plain error. Noggin's counsel filed a supplemental brief challenging his sentence, in light of the Supreme Court's opinion in United States v. Booker, 543 U.S.__, 125 S. Ct. 738 (2005). Noggin has filed several pro se supplemental briefs. For the reasons that follow, we affirm.

We conclude that none of Noggin's challenges are meritorious. First, the district court did not abuse its discretion by admitting the alleged hearsay evidence regarding Noggin's license tag number. See United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003) (stating review standard). In any event, any error was harmless. See Fed. R. Evid. 103(a); Fed. R. Crim. P. 52(a). Second, we conclude that the convictions were supported by substantial evidence. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). Next, this court does not review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Finally, our review of the trial record reveals no plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Hughes, 401 F.3d 540, 546-56 (4th Cir. 2005).

Neither do we conclude that Noggin's sentence is erroneous in light of the Supreme Court's opinion in Booker. In that case, the Court held the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by a court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (2000) (requiring courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (2000) (setting forth appellate standards

of review for guideline issues), thereby making the guidelines advisory.  Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 756-57).

A district court violates the Sixth Amendment when, acting pursuant to the Sentencing Reform Act and the Guidelines, it imposes a sentence greater than the maximum authorized by the facts found by the jury or admitted by the defendant in a guilty plea. Booker, 125 S. Ct. at 746, 750.  The fact of a prior conviction, however, is an exception to this general rule and need not be proven to a jury beyond a reasonable doubt.  Almendarez-Torres v. United States, 523 U.S. 224 (1998).  The Almendarez-Torres prior conviction exception was reaffirmed in Booker.  See 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

Here, Noggin was correctly found to be a career offender based upon the uncontroverted facts of his two prior state drug distribution charges which were separated by an intervening arrest. We have held that the application of the career offender enhancement falls within the exception for prior convictions where the facts were undisputed, making it unnecessary to engage in further fact finding about a prior conviction.  United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005).  Noggin's claim is

foreclosed by <u>Collins</u>, and he does not dispute that he satisfied the requirements for the career offender enhancement.  <u>See</u> <u>United States v. Harp</u>, 406 F.3d 242, 245, 247-48 (4th Cir. 2005) (citing USSG § 4B1.1(a) and discussing standard).

Next, we do not conclude that Noggin's sentence was unreasonable under <u>Booker</u>.  After <u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a), and impose a sentence; if a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so.  <u>Hughes</u>, 401 F.3d at 547-48.  This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether or not the sentence violates the Sixth Amendment.  <u>Id.</u> at 547 (citing <u>Booker</u>, 125 S. Ct. at 769).

Because Noggin claims for the first time on appeal that the district court erred in applying the guidelines as mandatory, his argument is reviewed for plain error.  <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir. 2005).  Under this standard, although the district court committed error in treating the guidelines as mandatory, <u>see</u> <u>Hughes</u>, 401 F.3d at 547-48, Noggin is not entitled to relief.  We recently held in a plain error context that the error of sentencing under the mandatory guidelines regime did not warrant a presumption of prejudice and was not structural error. <u>White</u>, 405 F.3d at 224.  As in <u>White</u>, Noggin cannot carry his

burden of demonstrating actual prejudice, and we find no nonspeculative basis on which to conclude that the district court would have sentenced Noggin to a lower sentence had the court proceeded under an advisory guideline scheme. Id. at 223. In fact, analysis of the record provides evidence to the contrary: the district court made it clear that Noggin deserved the career offender enhancement.

We have reviewed the pro se issues raised by Noggin and conclude they are without merit. In accordance with the requirements of Anders we have reviewed the record and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED